United States of America v. Barker

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT
_____

August Term, 2012

(Submitted: May 6, 2013        Decided: July 9, 2013)

Docket No. 12-2553-cr
_____

United States of America,

*Appellee*,

— v.—

Richard Barker,

*Defendant-Appellant*.

_____

Before: CABRANES, WESLEY, AND WALLACE,[*] *Circuit Judges*

_____

Appeal from a June 15, 2012 judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*) sentencing Defendant-Appellant to 120 months' imprisonment. We hold that under a categorical approach, Defendant-Appellant's prior state conviction triggered 18 U.S.C. § 2252(b)(2)'s mandatory minimum ten-year sentence. **AFFIRMED.**

_____

Lisa B. Shelkrot, Langrock Sperry & Wool, LLP, Burlington, VT, *for Defendant-Appellant*.

Christina E. Nolan, Gregory L. Waples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT, *for Appellee*.

_____

[*]Judge J. Clifford Wallace, of the United States Court of Appeals for the 9th Circuit, sitting by designation.

PER CURIAM:

Defendant-Appellant Richard Barker (Barker) appeals from a June 15, 2012 judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*) sentencing him to 120 months' imprisonment after he pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court applied a modified categorical approach in determining that Barker's prior state-court conviction under Vermont's former statutory rape law, Vt. Stat. Ann. tit. 13, § 3252(a)(3) (1990), triggered the mandatory minimum ten-year sentence found in 18 U.S.C. § 2252(b)(2) as a prior conviction under a state law "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." We conclude that the district court should have applied the categorical approach in accordance with *United States v. Beardsley*, 691 F.3d 252 (2d Cir. 2012). Under the categorical approach, however, we agree that Barker's state-court conviction subjects him to section 2252(b)(2)'s mandatory minimum sentence. **AFFIRMED.**

I.

On January 12, 2012, a federal grand jury indicted Barker on one count of distribution of child pornography under 18 U.S.C. § 2252(a)(2), and two counts of possession of child pornography under 18 U.S.C. § 2252(a)(4)(b). Barker eventually pleaded guilty to one count of possession of child pornography. As part of the plea agreement, the Government agreed to dismiss the additional charges against Barker and recommend that he receive a sentence no longer than 144 months.

At the time of his child pornography offense, Barker was on probation in Vermont for a 2002 felony conviction under Vermont's former statutory rape law, Vt. Stat. Ann. tit. 13, § 3252(a)(3). That provision requires no significant age difference between the minor victim and the

offender.[1] *Id.* The Information in Barker's state case, however, charged that Barker, age 56, engaged in a sexual act with a minor under the age of 16 who was not married to Barker.

In the present federal case, Barker's Presentence Report assigned Barker a Sentencing Guideline offense level and criminal-history category that corresponded to a 121 to 151 month sentence. In its sentencing memorandum, the Government argued that Barker's prior Vermont state conviction categorically qualified as a predicate offense under section 2252(b)(2)'s recidivist provision, triggering that section's mandatory minimum ten-year sentence. Based on additional factors relevant to Barker's crime, the Government ultimately recommended a sentence of 144 months.

In his sentencing memorandum, Barker argued that his prior Vermont state-court conviction did not constitute a conviction for "abusive sexual conduct" under either a categorical or modified categorical approach. Specifically, Barker contended that Vermont's statute lacked "abusiveness" as an element because, among other things, it did not require a significant age disparity between the victim and offender. Barker thus argued that section 2252(b)(2)'s mandatory minimum ten-year sentence did not apply to him and asked for a ninety-six month prison term.

Based on *United States v. Rood*, 679 F.3d 95 (2d Cir. 2012), the district court determined that it should apply a modified categorical approach to determine whether Barker's state court conviction met the requirements of section 2252(b)(2). The district court then reviewed the charging document in Barker's Vermont case and concluded that the document established a significant age disparity between Barker and his victim and met the abusiveness requirement of section 2252(b)(2). Accordingly, the district court imposed the mandatory ten-year sentence. Barker now appeals.

---

[1] Vermont has since amended its statutory rape provision to require greater age disparity between the victim and the offender. *See* Vt. Stat. Ann. tit. 13, § 3252(c) (2006).

II.

Barker contends that the district court erred in concluding that his Vermont felony conviction for statutory rape, Vt. Stat. Ann. tit. 13, § 3252(a)(3), triggered the mandatory minimum ten-year sentence provided by 18 U.S.C. § 2252(b)(2). "We review de novo all questions of law relating to the district court's application of a federal sentence enhancement." *Beardsley*, 691 F.3d at 257. "We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *United States v. Yousef*, 327 F.3d 56, 156 (2d Cir. 2003) (internal quotation marks omitted). While we conclude that the district court should have applied a categorical approach to determine whether Barker's state-court conviction triggered section 2252(b)(2)'s sentence enhancement, we nevertheless affirm the district court's determination that section 2252(b)(2)'s ten-year mandatory minimum sentence applied.

A.

An offender sentenced under section 2252(b)(2) generally faces a maximum punishment of no more than 10 years' imprisonment. Section 2252(b)(2) provides, however, that offenders with certain prior convictions are subject to a mandatory ten-year minimum sentence. Relevant here, section 2252(b)(2) subjects offenders who have previously been convicted "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" to a mandatory minimum ten-year sentence.

To determine whether a state offense qualifies as a predicate offense for a federal mandatory minimum sentence, "courts generally take a categorical or modified categorical approach." *Beardsley*, 691 F.3d at 259. Under a categorical approach, courts compare the statute forming the basis of the defendant's prior conviction with the applicable generic offense in the federal sentencing statute. *Id.* In contrast, under the modified categorical approach, courts may, to a limited extent in order to discover the elements of the prior conviction, "consider facts underlying the prior conviction if they

4

are based upon adequate judicial record evidence." *Id.* at 259, 270–71 & n.12 (internal quotation marks omitted).

The district court, based on our decision in *Rood*, applied what it identified as a modified categorical approach and looked to the charging document, which established the significant age disparity between Barker and his victim. Given this age disparity, the district court concluded that Barker's state-court conviction for statutory rape involved abuse and therefore triggered section 2252(b)(2)'s mandatory minimum sentence.

The district court imposed its sentence, however, without the benefit of this court's decision in *Beardsley*, which was decided two months after Barker's sentencing. *Beardsley* makes clear that the district court should have applied a categorical approach.

In *Beardsley*, we reviewed whether a defendant's conviction under New York's Endangering the Welfare of a Child statute qualified as a state crime "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" under 18 U.S.C. § 2252A(b)(1). *Id.* at 268–69. We explained that

> the modified categorical approach is appropriate only where a statute is divisible into qualifying and non-qualifying offenses, and not where the statute is merely worded so broadly to encompass *conduct* that might fall within with the definition of the federal predicate offense—here, "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252A(b)(1)—as well as other conduct that does not.

*Id.* at 258. Accordingly, because the New York statute under which the defendant was charged was "merely broad, not divisible," we held that the district court should have applied a categorical approach in determining whether the federal sentencing enhancement applied. *Id.*

The Supreme Court has now affirmed *Beardsley*'s rule. In *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court resolved a split among the circuit courts as to the use of the modified categorical approach, *id.* at 2283 & n.1 (identifying *Beardsley*'s place among the circuits), and

held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements," *id.* at 2282.

It is clear from *Descamps* and *Beardsley* that the modified categorical approach "serves a limited function." *Id.* at 2283. The modified categorical approach is merely a tool for district courts to use to "determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Id.* at 2293; *see also Beardsley*, 691 F.3d at 274. Once the district court has identified the particular provision of state law under which the defendant was convicted, the district court must then compare the elements of that provision to the generic federal sentencing enhancement to determine its applicability just as it would under a categorical approach. *Descamps*, 133 S. Ct. at 2285; *Beardsley*, 691 F.3d at 270–71 & n.12. Thus, neither the categorical nor modified categorical approach permit the district court to examine documents from a defendant's state court conviction to determine whether the context and facts of the defendant's crime fit the generic offense in the sentencing enhancement statute. *Descamps*, 133 S. Ct. at 2287.

Given the standard identified in *Beardsley* and confirmed by *Descamps*, the district court erred in its approach to determining whether section 2252(b)(2)'s sentencing enhancement applied. Vermont's former statutory rape law, in effect at the time of Barker's 2002 conviction, provides that a person is guilty of "sexual assault" where

> [the] person . . . engages in a sexual act with another person and . . . [t]he other person is under the age of 16, except where the persons are married to each other and the sexual act is consensual.

Vt. Stat. Ann. tit. 13, § 3252(a)(3). The law criminalizes a single offense: an unlawful sexual act with a person under the age of 16 to whom the offender is not married. It is not "divisible into predicate and non-predicate offenses—i.e., divided into disjunctive subsections, or separately listed within a single provision." *Beardsley*, 691 F.3d at 275. In other words, the Vermont law is not one "listing potential offense elements in the alternative." *Descamps*, 133 S. Ct. at 2283. As a result, consistent

6

with the teaching of *Descamps* and *Beardsley*, the district court should have used a categorical approach in determining whether Vermont's former statutory rape provision qualified as a predicate offense under section 2252(b)(2), without any recourse to documents underlying Barker's state conviction.[2]

The district court's error is understandable given our statement in *Rood* that where "the congruency of the [state] and federal statutes [cannot] be determined from their text alone, the district court [is] required to analyze whether the *facts* underlying the state conviction satisfied the elements of the federal statute." *Rood*, 679 F.3d at 98, *citing United States v. Walker*, 595 F.3d 411, 443-44 (2d Cir. 2010). As both the Supreme Court and this court have since clarified, however, this statement was erroneous in two respects. First, the modified categorical approach is "applicable only to divisible statutes," *Descamps*, 133 S. Ct. at 2284; *see also Beardsley*, 691 F.3d at 264, and does not apply merely because "the congruency of the [state] and federal statutes [cannot] be determined from their text alone." Second, "the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute," *Descamps*, 133 S. Ct. at 2285, and therefore a court employing that approach may not "analyze whether the *facts* underlying the state conviction satisfied the elements of the federal statute." Rather, the modified categorical approach simply provides a tool enabling courts to discover the *elements* of the defendant's prior conviction. *Descamps*, 133 S. Ct. at 2285; *Beardsley*, 691 F.3d at 270–72 & n.12. These principles apply to any prior conviction, whether stemming from a jury verdict or a guilty plea. *See, e.g., Shepard v. United States*, 544 U.S. 13, 19–23 (2005).

B.

Barker agrees that the district court should have applied a categorical approach. Barker argues, however, that even under the categorical approach, his conviction under Vermont's former

---

[2] Moreover, if Vermont's statute was divisible, the district court should have only looked to appropriate documents for the purpose of ascertaining under "which statutory phrase" Barker was convicted in state court. *Descamps*, 133 S. Ct. at 2285 (internal quotation marks omitted). The district court should not have looked to whether the facts of Barker's state crime, specifically his age, triggered the generic sentencing enhancement. *Id.*

statutory rape provision does not trigger the mandatory minimum sentence in section 2252(b)(2) because it is not inherently "abusive."

Under a categorical approach, "'we consider [Barker's state] offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Beardsley*, 691 F.3d at 259, *quoting Begay v. United States*, 553 U.S. 137, 141 (2008); *see also United States v. Ivezaj*, 568 F.3d 88, 95 (2d Cir. 2009) (explaining that in applying a categorical approach, the court focuses on "the intrinsic nature" of the potentially predicate offense) (internal quotation marks omitted). We then consider whether Barker's state conviction meets the elements of the applicable generic offense in section 2252(b)(2). *See Descamps*, 133 S. Ct. at 2281. Section 2252(b)(2) imposes a mandatory ten-year sentence on any defendant who "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." Thus, our task is to determine whether Vermont's statutory rape statute, by its elements and nature, "relat[es] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."

Barker first argues that "aggravated sexual abuse, sexual abuse, [and] abusive sexual conduct involving a minor" constitute three separate types of predicate offenses. Barker further suggests that the phrase "involving a minor" modifies only the last category, "abusive sexual conduct." As a result, Barker contends, "abusive sexual conduct" is the only category that may apply where a statute contemplates a minor victim; "aggravated sexual abuse" and "sexual abuse," on the other hand, necessarily apply only to convictions for crimes against adults.

While it appears from the text of section 2252(b)(2) that "aggravated sexual abuse, sexual abuse, [and] abusive sexual conduct involving a minor" are distinct types of predicate offenses, we need not delineate in detail their contours here. In *Beardsley*, our only decision addressing the same type of sentencing enhancement at issue in this case, we explained that to qualify as a state

8

conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," the state conviction "must be under a law that relates to the sexual abuse of minors." 691 F.3d at 269. We did not expressly identify in *Beardsley* that the three types of predicate offenses are distinct, nor did we address whether the phrase "involving a minor or ward" modifies only "abusive sexual conduct" as other Courts of Appeals have done. *See United States v. Spence*, 661 F.3d 194, 197 (4th Cir. 2011) (concluding that "involving a minor" modifies only "abusive sexual conduct"); *United States v. Hubbard*, 480 F.3d 341, 350 (5th Cir. 2007) (same); *United States v. Rezin*, 322 F.3d 443, 448 (7th Cir. 2003) (same). We need not determine whether Barker is correct that "involving a minor" modifies only "abusive sexual conduct," nor do we need to address Barker's contention that because Vermont's statutory rape law applies only to minor victims it cannot relate to "aggravated sexual abuse" or "sexual abuse." Instead, we conclude that if a conviction under Vermont's statute necessarily involves "sexual abuse of a minor," *see Beardsley*, 691 F.3d at 269, at the least, it fits section 2252(b)(2) as "abusive sexual conduct involving a minor."

Barker contends that Vermont's statute is broader than the applicable generic offense in the sentencing enhancement because the Vermont law lacks "some aggravating factor" element requiring that the defendant's prior criminal conduct was "abusive." Barker turns to chapter 109A of title 18 to argue that Vermont's statute lacks such an "abusiveness" element. As Barker identifies, 18 U.S.C. § 2243(a), part of chapter 109A, titled "sexual abuse of a minor or ward," requires a four-year age difference between the minor victim and the offender. Barker argues that because Vermont's former statutory rape provision does not contain a similar age disparity requirement or some other "aggravating factor" such as force, fraud, or threats, a conviction under that provision does not categorically evince "abusive" sexual conduct involving a minor.

We reject Barker's argument that we should gauge whether Vermont's former statutory rape provision meets section 2252(b)(2)'s "abusiveness" requirement by reference to chapter 109A or

otherwise in a narrow manner. As stated by our sister circuit, "[section] 2252[(b)(2)] employs broader language when defining state convictions that qualify as a predicate sex offense[] than it does when defining predicate federal offenses, such as those located in chapter 109A." *United States v. Sinerius*, 504 F.3d 737, 743 (9th Cir. 2007). While a sentencing enhancement for a prior *federal* offense under section 2252(b)(2) requires commission of specified crimes, including convictions under chapter 109A, a defendant with a prior *state* conviction "need only [have been] convicted of a state offense '*relating to* . . . sexual abuse [involving a minor or ward].'" *Id.* In the context of sentencing enhancements, "relating to" has been "broadly interpreted . . . to apply not simply to state offenses that are equivalent to sexual abuse, but rather to 'any state offense that stands in some relation [to], bears upon, or is associated with [the] generic offense.'" *United States v. Strickland*, 601 F.3d 963, 967 (9th Cir. 2010), *quoting Sinerius*, 504 F.3d at 743; *see also United States v. Colson*, 683 F.3d 507, 511 (4th Cir. 2012); *United States v. McGarity*, 669 F.3d 1218, 1262 (11th Cir. 2012); *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009)*; Hubbard*, 480 F.3d at 347. By contrast, the recidivism provision in 18 U.S.C. § 2247(b) provides that prior convictions triggering the mandatory minimum include any conviction "under State law for an offense consisting of conduct *that would have been an offense under*" "chapter [117], chapter 109A, chapter 110, or section 1591" if such offense had been committed in federal territorial jurisdiction. 18 U.S.C. § 2426(b) (referenced in 18 U.S.C. § 2247(b)) (emphasis added). Therefore, Vermont's statutory rape provision need not mirror section 18 U.S.C. § 2243 or otherwise criminalize comparable conduct to fall within section 2252(b)(2)'s broad language.

In sum, federal law defines the *category* of laws "relating to . . . abusive sexual conduct involving a minor," but that category is defined only in general terms, recognizing diversity among the several states in the *specific elements* of sexual misconduct laws.

We have taken a similar approach in the immigration context. In *Mugalli v. Ashcroft*, 258 F.3d 52 (2d Cir. 2001), we addressed a provision of the immigration laws referring to federal or state convictions for "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), and explained:

> What varies from state to state is statutory rape laws. We are confident that Congress intended that behavior criminalized in one state and not another can constitute [sexual abuse of a minor] if committed in the first state and not the second, even though the result would be that identical behavior may result in an alien being subject to removal from the United States in the first instance and not in the second. The disparate results necessarily follow from the dependence of removal on a *conviction* for [sexual abuse of a minor] rather than on performance of specified misconduct. Congress was plainly aware that the substance of criminal law would vary from jurisdiction to jurisdiction. . . . Congress therefore surely understood that whether conduct would result in removal would depend on the laws of the state in which it occurred and would therefore differ from state to state.

*Id.* at 59–60; *see also Restrepo v. Att'y Gen. of U.S.*, 617 F.3d 787, 798 (3d Cir. 2010) ("Congress eschewed cross references [sic] for crimes identified only by common parlance, such as . . . sexual abuse of a minor . . . because these terms are *not* clearly defined and *cannot* be clearly defined by a simple cross-reference. To the contrary, Congress purposefully did not employ cross-references for these generic crimes to ensure the incorporation of a broad range of diverse state statutory definitions."). Thus, as in the immigration context, we conclude that rather than require a narrow formulation, Congress intended that the category of prior convictions under state laws "relating to . . . abusive sexual conduct involving a minor" potentially encompass convictions under a variety of state laws, such as the various statutory rape provisions.

As a result, even if the various state statutory rape laws, and Vermont's in particular, are materially different from section 2243 or otherwise lack certain "aggravating factors" that Barker identifies, they may still trigger section 2252(b)(2) if they "relat[e] to" the "sexual abuse of a minor" as that phrase is ordinarily understood. *See Sonnenberg*, 556 F.3d at 671 (applying a broad formulation of "sexual abuse of a minor" to determine whether the state statute fell within 18 U.S.C. § 2252(b)(1)'s sentencing enhancement); *but see United States v. Osborne*, 551 F.3d 718, 721 (7th Cir.

11

2009) (construing the provisions of 18 U.S.C. § 2251(b)(1)'s sentencing enhancement with respect to chapter 109A to determine whether the defendant's state conviction triggered the sentencing enhancement). In other words, rather than having to meet a precise federal statutory formula, the Vermont statute satisfies the predicate-offense criteria in section 2252(b)(2) because it is "a law dealing with sexual misconduct [involving a minor]," *Beardsley*, 691 F.3d at 252, defined generically as "misuse or maltreatment of a minor for a purpose associated with sexual gratification," *Sonnenberg*, 556 F.3d at 671 (internal quotation marks omitted).

Unlike the New York child endangerment statute at issue in *Beardsley* that, while referencing minors, was not "a law dealing with sexual misconduct," 691 F.3d at 269, Vermont's law plainly "relat[es] to" the "sexual abuse of a minor." By its terms, Vermont's statutory rape provision, under the broad title of "sexual assault," criminalizes sexual acts, defined as oral, genital, or anal contact/penetration, with a person under the age of 16 to whom the offender is not married. Vt. Stat. Ann. tit. 13, §§ 3251, 3252(a)(3). The Vermont Supreme Court has explained that this provision is set against the common law rule that "an underage child cannot consent to sex." *State v. Hazelton*, 915 A.2d 224, 233–34 (Vt. 2006). Section 3252(a)(3) altered the common law prohibition to "extend the incapacity to consent . . . to sixteen years of age . . . , with an exception for married minors." *Id.* at 234 (citations omitted).

We conclude that a law that proscribes non-consensual sexual acts with a minor victim addresses, by its nature, "abusive sexual conduct involving a minor," defined ordinarily as "misuse or maltreatment of a minor for a purpose associated with sexual gratification," *Sonnenberg*, 556 F.3d at 671 (internal quotation marks omitted); *see also Beardsley*, 691 F.3d at 269 (identifying in a hypothetical situation that "statutory rape [is] an offense unquestionably relating to the sexual abuse of a minor"). Contrary to Barker's assertion, it makes no difference that *federal law* would not consider as non-consensual the same sexual acts covered by Vermont's law; after all, by including

12

the terms "conviction" and "laws . . . relating to" in section 2252(b)(2), Congress recognized *variation* in the diverse state sexual misconduct laws that could lead to predicate offenses under section 2252(b)(2), and, as relevant here, it left for states to define the relevant boundary between consensual and non-consensual sexual activity. Thus, even if the relevant state statute lacks some significant age disparity or other "aggravating factor" identified elsewhere in federal law, we conclude that a conviction for statutory rape in Vermont, by its nature, qualifies categorically as an offense "relating to . . . abusive sexual conduct involving a minor" within the meaning of section 2252(b)(2).

Therefore, although the district court applied a modified categorical approach, there was no prejudice to Barker because the record permits us to conclude under a categorical approach that Barker's Vermont conviction triggers section 2252(b)(2)'s sentencing enhancement.

III.

We conclude that

(1) because Vermont's statutory rape provision under which Barker was convicted is non-divisible, the district court should have applied a categorical approach, without recourse to the underlying facts of Barker's state conviction; and

(2) under a categorical approach, Vermont's statutory rape provision is "relat[ed] to . . . abusive sexual conduct involving a minor" within the meaning of section 2252(b)(2), thereby triggering that section's sentencing enhancement.

AFFIRMED.