13-296-cr
*United States v. Leonard J. Allen*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2013

No. 13-296-cr

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

LEONARD J. ALLEN,

*Defendant-Appellant*

————

Appeal from the United States District Court
for the Northern District of New York.
No. 12-cr-81 — Norman A. Mordue, *Judge.*

————

SUBMITTED: DECEMBER 11, 2013

DECIDED: APRIL 16, 2014

————

Before: POOLER, PARKER, and WESLEY, *Circuit Judges.*

————

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*) imposing a sentencing enhancement to defendant's child pornography conviction pursuant to 18 U.S.C. § 2252A(b)(1) and (b)(2) based on his prior state conviction for sexual abuse in the second degree under N.Y. Penal Law § 130.60(2).  AFFIRMED.

———

James P. Egan and James F. Greenwald, Assistant Public Defenders, *for* Lisa A. Peebles, Federal Public Defender, Northern District of New York, Syracuse, NY, *for Defendant-Appellant*

Lisa M. Fletcher and Paul D. Silver, Assistant United States Attorneys, *for* Richard Hartunian, United States Attorney, Northern District of New York, Syracuse, NY, *for Appellee*

———

BARRINGTON D. PARKER, CIRCUIT JUDGE:

Defendant-Appellant Leonard J. Allen appeals from a judgment of conviction in the United States District Court for the Northern District of New York (Mordue, *J.*), following his plea of guilty to charges of transporting, receiving, and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(1), (a)(2)(A) and (a)(5)(B).  In sentencing Allen, the court determined that Allen's prior state court conviction for Sexual Abuse in the Second Degree in violation of N.Y. Penal Law § 130.60(2) subjected him to increased penalties pursuant to § 2252A(b)(1) and (b)(2) because it constituted a prior conviction under a State law "relating to aggravated sexual

abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." We agree and, consequently, affirm.

I.

In July 2010, law enforcement officials in New Hampshire began to investigate an individual with the screen name CHRHYA2008 who was engaged in the posting, trading, and collecting of child pornography and child erotica over various internet fora. After the user sent email attachments containing videos of child pornography to undercover officers, they were able to trace the IP address to Allen in Fulton, New York. In November 2010, the officers executed a search at Allen's residence and seized images of child pornography. During the execution of the warrant, Allen admitted that he used the screen name in question and, during subsequent questioning, he acknowledged receiving and possessing child pornography. An examination of computers and storage devices seized during the search revealed over 1,000 image and video files of child pornography and erotica.

In January 2012, the Government filed an information charging Allen with transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1), receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In addition, the government filed, pursuant to 18 U.S.C. § 2252A(b), a special information regarding a prior state court conviction. Section 2252A(b) provides for substantially enhanced penalties if a person convicted under certain child pornography provisions "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."

The special information alleged that Allen was convicted in 2000 of Sexual Abuse in the Second Degree, in violation of New York Penal Law § 130.60, which provides that "[a] person is guilty of sexual abuse in the second degree when he . . . subjects another person to sexual contact and when such other person is: . . . 2. Less than fourteen years old." N.Y. Penal Law § 130.60. The conviction resulted from Allen's touching the genitalia of a thirteen-year-old boy through the boy's clothing. For this offense, Allen was sentenced to nine months' imprisonment. The special information had the effect of raising his mandatory minimum term of imprisonment from five years to fifteen years on the transportation and receipt counts, and from no minimum to a mandatory minimum of ten years for the possession count.

Allen subsequently pled guilty to the charges in the information but objected to the application of the enhancements. Allen argued that the terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward" should be defined by reference to the definitions of those terms under federal law. *See* 18 U.S.C. §§ 2241-43. Specifically, he contended that the New York statute under which he had been convicted should not form the basis for enhancement because it applied to a greater range of prohibited conduct than the federal statute because it criminalized touching through clothing, while the term "sexual act" has been defined under federal law as "intentional touching, not through the clothing." *See* 18 U.S.C. § 2246(2)(D). Accordingly, Allen contended, his prior conviction was not under a law "relating to" the offenses specified in 18 U.S.C. §§ 2241–43.

The district court rejected Allen's arguments. The court noted that both parties agreed that the court should take a categorical approach in determining whether the prior conviction could serve as a predicate offense for the federal enhancement and the court

concluded that Allen's state conviction qualified as a conviction under a law relating to sexual abuse. The district court found the conduct enumerated in New York's definition of "[s]exual contact[,]" which includes "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" including "through clothing," N.Y. Penal Law § 130.00(3) was conduct that fell within the "ordinary, contemporary common meaning" of the term "sexual abuse . . . of a minor" and was consistent with Congress's intention to define the offense of sexual abuse expansively. Accordingly, the court found that Allen's prior conviction subjected him to enhanced penalties and subsequently, sentenced him principally to a term of 240 months' imprisonment.

This appeal followed. We review *de novo* all questions of law relating to the district court's application of a sentencing enhancement. *United States v. Beardsley*, 691 F.3d 252, 257 (2d Cir. 2012).

II.

The issue on appeal is whether Allen's state court conviction triggers the enhanced federal penalties. As noted, Allen's principal argument is that to determine whether his state conviction is under a law "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," as required by 18 U.S.C. § 2252A(b), we look to how those terms are defined under federal law. And under federal law, he contends, touching through clothing is not covered by 18 U.S.C. § 2252A(b). *See* 18 U.S.C. § 2243.

As the parties acknowledge, in deciding whether Allen's prior conviction triggers a sentencing enhancement we apply the categorical approach. *See Descamps v. United States*, —— U.S. ——, 133

5

S.Ct. 2276, 2283–86 (2013); *United States v. Simard*, 731 F.3d 156 (2d Cir. 2013); *United States v. Barker*, 723 F.3d 315, 319–20 (2d Cir. 2013); *Beardsley*, 691 F.3d at 259.  In so doing, we

> consider [the defendant's state] offense generically, that is to say, . . . [to] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion . . . . We then consider whether [the defendant]'s state conviction meets the elements of the applicable generic offense in section 2252(b)(2).

*Barker*, 723 F.3d at 321 (internal quotation marks and citations omitted).  Specifically, "our task is to determine whether [New York]'s . . . statute, by its elements and nature, 'relat[es] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor.'" *Id*.

The conduct enumerated in New York's definition of "sexual contact," includes "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" including "through clothing,"  N.Y. Penal Law § 130.00(3). This is conduct that we conclude falls within the ordinary meaning of the term sexual abuse of a minor.  *See Barker*, 723 F.3d at 324 (defining "abusive sexual conduct involving a minor" as the "misuse or maltreatment of a minor for a purpose associated with sexual gratification").  Accordingly, we have little trouble concluding that Allen's prior conviction subjects him to enhanced sentencing.

Allen argues that the terms aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward refer to several specified federal offenses listed in 18 U.S.C. §§ 2241-43.  In doing so, he relies principally on the Seventh Circuit's decision in

*United States v. Osborne*, 551 F.3d 718 (7th Cir. 2009). There the Seventh Circuit concluded that "sexual behavior is 'abusive' only if it is similar to one of the crimes denominated as a form of 'abuse' elsewhere in Title 18." *Id*. at 721. However, we recently rejected that reasoning in *Barker*. *See Barker*, 723 F.3d at 322–23.

In *Barker*, the defendant pleaded guilty to a charge of possessing child pornography under 18 U.S.C. § 2252(a)(4)(B). He had a previous state conviction for statutory rape for engaging in sexual conduct with a boy under the age of 16 when he was 56 years old. *Barker*, 723 F.3d at 318. At sentencing, the district court determined that Barker's prior conviction was one under state law "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b), and enhanced his sentence. *Barker*, 723 F.3d at 318. On appeal, we affirmed application of the enhanced penalty using the categorical approach. Because the state statute criminalized sexual acts with persons under the age of 16, we concluded that this conduct "plainly" related to the "sexual abuse of a minor." *Id*. at 324. In reaching that conclusion, we rejected Barker's argument that whether a prior conviction should qualify should be determined by reference to the federal criminal code. *Id*. at 318-22. In doing so, we reasoned:

> [S]ection 2252(b)(2) employs broader language when defining state convictions that qualify as a predicate sex offense than it does when defining predicate federal offenses, such as those located in chapter 109A. While a sentencing enhancement for a prior *federal* offense under section 2252(b)(2) requires commission of specified crimes, including convictions under chapter 109A, a defendant with a prior *state* conviction need only have been convicted of a state offense "*relating to . . .* sexual abuse [involving a minor or ward]." In the context of

sentencing enhancements, "relating to" has been broadly interpreted to apply not simply to state offenses that are equivalent to sexual abuse, but rather to any state offense that stands in some relation to, bears upon, or is associated with the generic offense.

*Id*. at 322-23 (internal quotation marks, citations, and alterations omitted) (emphases in original). We further explained that broadly interpreting the phrase "relating to" was appropriate because "federal law defines the *category* of laws 'relating to . . . abusive sexual conduct involving a minor,' but that category is defined only in general terms, recognizing diversity among the several states in the *specific elements* of sexual misconduct laws." *Id*. at 323 (emphases in original). Consequently, we found that in using the words "conviction" and "relating to" in 18 U.S.C. § 2252(b)(2), Congress was recognizing the "*variation* in the diverse state sexual misconduct laws that could lead to predicate offenses under section 2252(b)(2) and, as relevant here, it left for states to define the relevant boundary between consensual and nonconsensual sexual activity." *Barker*, 723 F.3d at 324 (emphasis in original).

Nothing about our analysis of the section at issue here, § 2252A, counsels a different result from that reached in *Barker* when examining 18 U.S.C. § 2252. Thus, even if New York's sexual abuse statute differs from the definition of sexual abuse found in 18 U.S.C. § 2243, it still triggers statutory enhancements because it "relat[es] to" the "sexual abuse of a minor" as that phrase is ordinarily understood.

## CONCLUSION

We have carefully considered Allen's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.