13-3809-cr
United States v. Kleiner

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

––––––––––––

August Term, 2014

(Submitted: August 26, 2014    Decided: September 2, 2014)

Docket No. 13-3809-cr

––––––––––––

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

CARY LEE KLEINER,

*Defendant-Appellant.*

––––––––––––

Before:

WINTER, RAGGI, and CARNEY, *Circuit Judges.*

––––––––––––

On this appeal from a conviction for bank fraud, defendant contends that a miscalculation in his Sentencing Guidelines renders his 24-month prison sentence procedurally unreasonable. Specifically, defendant contends that his use of another person's name and address to create a counterfeit driver's license,

which he then presented as his own to the bank victim of his fraud, does not warrant a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) for "unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." We reject this argument, following the reasoning applied by this court in United States v. Sash, 396 F.3d 515 (2d Cir. 2005), to construe U.S.S.G. § 2B1.1(b)(11)(C)(ii).

AFFIRMED.

---

BARCLAY T. JOHNSON, Research & Writing Attorney (Steven L. Barth, Assistant Federal Public Defender, *on the brief*), Federal Public Defender's Office, District of Vermont, Burlington, Vermont, *for Defendant-Appellant Cary Lee Kleiner*.

WILLIAM B. DARROW (Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont, *for Appellee*.

---

REENA RAGGI, *Circuit Judge*:

Cary Lee Kleiner, who pleaded guilty to bank fraud, see 18 U.S.C. § 1344(1), appeals from that part of the judgment of conviction entered in the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*)

2

as sentenced him to 24 months' incarceration.[1]  Kleiner contends that the sentence is infected by procedural error in the calculation of his Sentencing Guidelines range.  See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (stating that "[a] district court commits procedural error where it . . . makes a mistake in its Guidelines calculation").  Specifically, Kleiner argues that his use of another person's name and address to create a counterfeit driver's license that he used in committing the crime of conviction does not warrant a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) for "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification."  The argument is defeated by the reasoning this court employed to construe U.S.S.G. § 2B1.1(b)(11)(C)(ii) in United States v. Sash, 396 F.3d 515 (2d Cir. 2005), which we here conclude applies equally to U.S.S.G. § 2B1.1(b)(11)(C)(i).

---

[1] Although Kleiner was released from prison on May 15, 2014, his appeal is not moot because a favorable appellate decision might prompt the district court to reduce Kleiner's three-year term of supervised release.  See Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006) (holding that case or controversy exists where "district court might, because of our ruling, modify the length of [defendant's] supervised release").

## I.    Background

### A.    The Crime of Conviction

On March 7, 2012, Cary Lee Kleiner telephoned TD Bank in Montpelier, Vermont and represented himself to be Richard J. Butler, an actual customer of the bank.  In that role, Kleiner advised a bank representative that he wished to schedule a cash withdrawal of $74,000 for the following day.  A call from the bank's security department to the real Richard Butler confirmed that he neither intended nor authorized any such withdrawal from his account, whereupon the bank reported these events to law enforcement authorities.

The next day, Kleiner appeared at the TD Bank and provided a teller with a $74,000 withdrawal slip and a New Jersey driver's license in the name of "Richard J. Butler, Jr.," but bearing Kleiner's own photograph.  He was promptly arrested, at which time law enforcement officers found on his person two counterfeit credit cards in Richard Butler's name, as well as a notebook containing Butler's correct and full name, address, social security number, date of birth, phone numbers, bank account information, and family members' names.

### B.    Procedural History

Charged with bank fraud, see 18 U.S.C. § 1344(1), and aggravated identity

theft, id. § 1028A(a)(1), Kleiner pleaded guilty to the fraud charge on February 5, 2013. In its Presentence Report calculation of Kleiner's Sentencing Guidelines range, the Probation Department concluded that the base offense level of seven, see U.S.S.G. § 2B1.1(a)(1), warranted two enhancements: (1) an eight-level increase for an intended loss greater than $70,000 but less than $120,000, see id. § 2B1.1(b)(1)(E); and (2) a two-level increase for the "unauthorized . . . use of any means of identification unlawfully to produce or obtain any other means of identification," see id. § 2B1.1(b)(11)(C)(i). This yielded a Guidelines sentencing range of 24–30 months' imprisonment.

Both in writing and orally, Kleiner opposed the § 2B1.1(b)(11)(C)(i) enhancement, maintaining that it is not intended to apply to a defendant, such as himself, who has simply transferred a person's identifying information onto a counterfeit driver's license or credit card. Kleiner acknowledged that the Third Circuit has held to the contrary in United States v. Newsome, 439 F.3d 181, 186–87 (3d Cir. 2006).

In rejecting Kleiner's Guidelines challenge, the district court relied on Newsome: "It does seem that the Newsome court, the Third Circuit Court did get it right. Maybe the guideline could have been clearer, but they interpreted it

5

the way I think it should be interpreted, logically." J.A. 94–95. Accordingly, it adopted the Probation Department's Guidelines recommended calculation and sentenced Kleiner to a 24-month prison term.

Kleiner timely filed this appeal.

## II.  Discussion

The single issue on this appeal is whether the district court committed procedural error in applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) to the calculation of Kleiner's Sentencing Guidelines range. "We review de novo all questions of law relating to the district court's application of a sentencing enhancement," United States v. Allen, 750 F.3d 209, 212 (2d Cir. 2014), and we review for clear error the district court's findings of fact supporting its conclusion, see United States v. Hertular, 562 F.3d 433, 449 (2d Cir. 2009).

Section 2B1.1(b)(11)(C) of the Sentencing Guidelines implements section 4 of the Identity Theft and Assumption Deterrence Act of 1998, Pub. L. No. 105-318. See U.S.S.G. § 2B1.1 cmt. background. As explained in Guidelines commentary, § 2B1.1(b)(11)(C) "focuses principally on an aggravated form of identity theft known as 'affirmative identity theft' or 'breeding,' in which a

defendant uses another individual's name, social security number, or some other form of identification . . . to . . . produce or obtain[] new or additional forms of identification." Id.

The Guideline's operative language is in two parts:

If the offense involved . . . (C)(i) the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or (ii) the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification, increase [the offense level] by 2 levels. If the resulting offense level is less than level 12, increase to level 12.

U.S.S.G. § 2B1.1(b)(11). The term "means of identification," referenced in both subparts, is statutorily defined to include the following:

any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number . . . .

18 U.S.C. § 1028(d)(7).

Kleiner argues that application of a § 2B1.1(b)(11)(C)(i) enhancement to his case was error for two reasons. First, he contends that adding Richard Butler's name—which Kleiner acknowledges is a "means of identification"—to additional documents, here a counterfeit driver's license and counterfeit credit cards, does

not produce a "means of identification" because the statutory definition of that term refers to information and not to documents. Specifically, Kleiner argues that a counterfeit driver's license is not a "name or number that may be used . . . to identify a specific individual," 18 U.S.C. § 1028(d)(7), nor is it akin to any other "means of identification" specified in that statute. Rather, it is a "false identification document," which 18 U.S.C. § 1028(d)(4) defines as "a document of a type intended or commonly accepted for the purposes of identification of individuals" that deceitfully appears to have been issued under governmental authority.

Second, Kleiner argues that the Guideline's reference to "<u>any other</u> means of identification," indicates that there must be two separate and distinct means of identification. Thus, where a name or identification number is merely copied to a new document, the enhancement does not apply.

In evaluating Kleiner's arguments, this panel is mindful that it is not the first to consider U.S.S.G. § 2B1.1(b)(11)(C)'s reference to "means of identification" generally or "another means of identification" specifically. This court had occasion to address both these matters when, in <u>United States v. Sash</u>, 396 F.3d 515 (2d Cir. 2005), it rejected an enhancement challenge under what is now

8

§ 2B1.1(b)(11)(C)(ii)[2] based on defendant's possession of "5 or more means of identification" unlawfully produced from "another means of identification." U.S.S.G. § 2B1.1(b)(11)(C)(ii). The Sash defendant made and sold unauthorized duplicate police badges, and was found to have been in possession of thousands of such badges, which were seized in a search of his home. See United States v. Sash, 396 F.3d at 517–18. The seized badges bore "actual, unique numbers assigned by the [New York Police Department] to individual officers and appeared to be authentic." Id. at 517. In short, the duplicate badges contained no new identifying information beyond that on an authorized badge. Nevertheless, this court upheld a § 2B1.1(b)(11)(C)(ii) enhancement, concluding that an officer's badge or shield number is a "means of identification," and that, when defendant created a duplicate badge—even at the request of the officer issued the original badge—he was "producing a 'means of identification' from 'another means of identification' under the plain meaning of the Enhancement." Id. at 524. In support, Sash quoted United States v. Melendrez, in which the

---

[2] Sash considered a challenge to § 2B1.1(b)(9)(C) of the November 2001 Guidelines and Guideline Manual. See 396 F.3d at 516 n.1. That section has since been moved to § 2B1.1(b)(11)(C), without any alteration in the operative language. For consistency, we refer here to the current codification.

Ninth Circuit held—contrary to what Kleiner urges here—that "an unlawfully produced duplicate means of identification still subjects a defendant to the § 2B1.1(b)([11])(C) enhancement because 'there is no requirement that the source ID number and the produced ID [number] be different numbers.'" Id. (quoting United States v. Melendrez, 389 F.3d 829, 834 (9th Cir. 2004)) (alteration in Sash).

Although Sash construed "means of identification" under § 2B1.1(b)(11)(C)(ii), and the enhancement in this case was imposed under § 2B1.1(b)(11)(C)(i), we identify no principled reason for treating identical terms in the same Guideline differently. When construing Sentencing Guidelines we "employ basic rules of statutory construction," United States v. Mason, 692 F.3d 178, 182 (2d Cir. 2012), and apply the "normal rule . . . that identical words used in different parts of the same act are intended to have the same meaning," Department of Revenue of Or. v. ACF Indus., Inc., 510 U.S. 332, 342 (1994) (internal quotation marks omitted). To ensure that the term "means of identification" in § 2B1.1(b)(11)(C)(i) is construed to have the same meaning as that term in § 2B1.1(b)(11)(C)(ii), we must follow Sash. Insofar as Sash held that a police badge, and not simply the identification number contained thereon, is a "means of identification," we must conclude that a driver's license, and not

simply the number it displays, is a "means of identification." Certainly, Kleiner points us to no distinguishing feature that would support treating police badges differently from driver's licenses as means of identification.

To the contrary, as Kleiner acknowledges, the commentary to § 2B1.1(b)(11)(C) specifically identifies driver's licenses as "means of identification." See U.S.S.G. § 2B1.1 cmt. background ("Because 18 U.S.C. § 1028(d) broadly defines 'means of identification,' the new or additional forms of identification can include items such as a driver's license, a credit card, or a bank loan."). The Third Circuit relied in part on this commentary in United States v. Newsome—followed by the district court in this case—when it held that a counterfeit license is a "means of identification." See United States v. Newsome, 439 F.3d at 186.

Sash's conclusion that identical duplicate police badges constituted "another means of identification" under § 1B1.1(b)(11)(C)(ii) similarly forecloses Kleiner's argument that copying Richard J. Butler's name onto a counterfeit driver's license cannot satisfy § 2B1.1(b)(11)(C)(i)'s requirement for the production of "[an]other means of identification." Kleiner does not attempt to

distinguish <u>Sash</u> but, instead, argues that <u>Sash</u> erroneously reads the word "other" out of the Guidelines.

In support, Kleiner cites <u>United States v. Hawes</u>, 523 F.3d 245 (3d Cir. 2008), and various unpublished decisions. In fact, these decisions do not support Kleiner's argument. For example, <u>Hawes</u> held that a § 2B1.1(b)(11)(C) enhancement was not warranted based simply on a defendant changing the mailing address on mutual fund account statements in order to conceal his fraud. <u>See</u> <u>id.</u> at 247, 252. <u>Hawes</u> reasoned that "[a]n address or piece of mail does not seem to fit the Guideline's definition of 'means of identification'" because a "means of identification [must] be just that, a <u>means</u> of identification, not merely an attribute of one's identity." <u>Id.</u> at 252 (emphasis in original). In short, in <u>Hawes</u>, the Third Circuit did not conclude that the duplication of identification information onto another document or item was insufficient to support a § 2B1.1(b)(11)(C) enhancement. Indeed, such a conclusion would have directly conflicted with that court's decision in <u>Newsome</u>.

Insofar as Kleiner cites decisions upholding § 2B1.1(b)(11)(C) enhancements where one type of identifying information is used to produce a distinct type of identifying information, <u>see, e.g.</u>, <u>United States v. Vasquez</u>, 673

12

F.3d 680, 686–87 (7th Cir. 2012) (affirming application of enhancement where defendant used social security numbers to obtain PIN number for access to government benefits), those cases are inapposite because the courts there did not confront or address the question of whether duplication of identifying information supported this enhancement.  Where courts, including our own, have addressed that issue directly, they have held duplication to support the enhancement.  See United States v. Newsome, 439 F.3d at 186–87 [3d Cir.]; United States v. Sash, 396 F.3d at 524 [2d Cir.]; United States v. Melendrez, 389 F.3d at 833–34 [9th Cir.].  This is unsurprising given Guidelines commentary defining "produce," as used in § 2B1.1(b)(11), to "include[] manufacture, design, alter, authenticate, duplicate, or assemble."   U.S.S.G.  § 2B1.1  cmt. (10)(A) (emphasis added).  We  therefore conclude that, just as the unauthorized copying of police badge identification numbers onto duplicate badges supported a § 2B1.1(b)(11)(C)(ii) enhancement in Sash, defendant's copying of Richard J. Butler's name onto a counterfeit driver's license that he then used to try to perpetrate bank fraud supported a § 2B1.1(b)(11)(C)(i) enhancement in the calculation of his Sentencing Guidelines range.

In sum, the case presents us with no procedural error affecting the reasonableness of Kleiner's 24-month prison sentence. The judgment of the district court is therefore AFFIRMED.