22-1621-cr
*United States v. Duchesne*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of July, two thousand twenty-three.

PRESENT:  GERARD E. LYNCH,
JOSEPH F. BIANCO,
MYRNA PÉREZ,
*Circuit Judges.*

_____

United States of America,

        *Appellee*,

      v.                                        22-1621-cr

Zachary L. Duchesne,

        *Defendant-Appellant*.

_____

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | James P. Egan, Assistant Federal Public Defender, Federal Public Defender's Office, Syracuse, NY. |
| FOR APPELLEE: | Michael S. Barnett, Rajit S. Dosanjh, Assistant United States Attorneys *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Zachary Duchesne appeals from a judgment principally sentencing him to a term of imprisonment of fifteen years, to be followed by a supervised release term of fifteen years. On March 4, 2021, Duchesne was charged with seven counts of knowingly transporting child pornography over the internet, in violation of 18 U.S.C. § 2252A(a)(1), and one count of knowing possession of child pornography, in violation of § 2252A(a)(5)(B). On September 15, 2021, Duchesne pled guilty to all eight counts without a plea agreement. On July 22, 2022, the district court sentenced Duchesne to a term of fifteen years imprisonment on each count, all to run concurrently to each other. In addition, the district court imposed a fifteen-year term of supervised release on all counts, again running concurrently. The district court imposed this sentence after determining that Duchesne's prior state court conviction for attempted possession of a sexual performance by a child, in violation of New York Penal Law ("NYPL") §§ 110.00 and 263.16, triggered enhanced federal penalties under 18 U.S.C. § 2252A(b).[1]  18 U.S.C. § 2252A(b)(1) and (b)(2). On appeal, Duchesne argues that the district

---

[1]  This statutory language is identical in Section 2252A(b)(1) and (b)(2). Section 2252A(b)(1) provides for an enhanced penalty applicable to a person convicted of *transporting* child pornography in violation of 18 U.S.C. § 2252A(a)(1)–(4) or (6), while Section 2252A(b)(2) does the same for a person convicted of *possessing* child pornography in violation of 18 U.S.C. § 2252A(a)(5). The enhanced penalty under Section 2252A(b)(1) is a minimum term of imprisonment of fifteen years and a maximum term of imprisonment of forty years, whereas under Section 2252A(b)(2) the enhanced penalty is a minimum term of imprisonment of ten years and a maximum term of imprisonment of twenty years. Because these

court erred in applying those enhanced penalty provisions, which raised the mandatory minimum sentence applicable to each count of his federal conviction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

"We review *de novo* all questions of law relating to the district court's application of a sentencing enhancement." *United States v. Kleiner*, 765 F.3d 155, 158 (2d Cir. 2014) (internal quotation marks and citation omitted).

The sole issue on appeal is whether Duchesne's prior state conviction triggers the enhanced federal penalties under Section 2252A(b). For the enhanced federal penalties to apply, Duchesne's prior state conviction must have arisen under a state law "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252A(b)(1) and (b)(2). The parties agree that, to determine whether Duchesne's prior conviction triggers these sentencing enhancements, we apply the categorical approach. *See Descamps v. United States,* 570 U.S. 254, 257–65 (2013); *United States v. Simard*, 731 F.3d 156, 161–62 (2d Cir. 2013) (per curiam); *United States v. Barker*, 723 F.3d 315, 319–20 (2d Cir. 2013) (per curiam); *United States v. Beardsley*, 691 F.3d 252, 259 (2d Cir. 2012). The categorical approach requires us to:

> consider [the defendant's] state offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion. We then consider

---

enhanced penalty provisions are identical to enhancement provisions in a neighboring section that defines other federal offenses involving child pornography, 18 U.S.C. § 2252(b)(1) and (2), our precedents interpreting those provisions apply here with equal force.

3

whether [the defendant]'s state conviction meets the elements of the applicable generic offense in section 2252[A(b)].

*Barker*, 723 F.3d at 321 (alterations adopted) (internal quotation marks and citations omitted).

If the "crime of conviction covers any more conduct than the generic [federal] offense," then it is not a categorical match. *Mathis v. United States*, 579 U.S. 500, 504 (2016). However, our application of the categorical approach is guided by the federal statute's text and context describing qualifying predicate offenses. *See Shular v. United States*, 140 S. Ct. 779, 787 (2020). Some federal laws "refer[] generally to an offense without specifying its elements," which requires courts to fashion a "'generic' version of a crime" and to compare its elements to the elements of the state statute. *Id.* at 783. By contrast, other federal statutes require courts to determine "whether the conviction meets some other criterion," and to "simply ask[] whether the prior convictions . . . met th[e] measure" set out by the federal statute. *Id.*

The enhancement provisions codified at 18 U.S.C. § 2252A(b)(1) and (b)(2) call for the latter approach. As we noted in *United States v. Ragonese*, "the specific sentencing enhancements at issue provide a twist" because "[t]hey are triggered not only when the prior conviction *matches* an enumerated offense in the federal penalty provision—'aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward'—but also when the prior conviction 'relate[s] to' such offenses." 47 F.4th 106, 111 (2d Cir. 2022) (quoting 18 U.S.C. § 2252A(b)(1) and (b)(2)). Thus, "[a]lthough the categorical approach typically calls for a strict comparison between the elements of the state offense and the elements of the generic offense, Congress loosened that comparison in the context of sexual abuse laws, such that the sentencing enhancements apply not simply to state offenses that are equivalent to sexual abuse,

4

but rather to any state offense that stands in some relation to, bears upon, or is associated with the generic offense." *Id.* (alterations adopted) (internal quotation marks and citations omitted). In doing so, Congress "recogniz[ed] diversity among the several states in the *specific elements* of sexual misconduct laws," and "intend[ed]" that the category of predicate offenses "potentially encompass convictions under a variety of state laws." *Barker*, 723 F.3d at 323. Accordingly, "our task is to determine whether [New York]'s . . . statute, by its elements and nature, relates to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," *id.* at 321 (alteration adopted) (internal quotation marks omitted), or to "the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography," 18 U.S.C. § 2252A(b)(1) and (b)(2).

We conclude that the state statute under which Duchesne was previously convicted, NYPL § 263.16, categorically "relat[es] to" the predicate offense criteria described in Section 2252A(b) for purposes of triggering the federal sentencing enhancements.[2] 18 U.S.C. § 2252A(b)(1) and (b)(2). In so doing, we reject Duchesne's arguments that the district court erroneously found a categorical match to his crime of conviction.[3] Specifically, Duchesne

---

[2] As a threshold matter, to the extent that the district court's decision could be construed as indicating that our decision in *Quito v. Barr*, 948 F.3d 83 (2d Cir. 2020) forecloses Duchesne's arguments, we disagree. In *Quito*, we held that NYPL § 263.16 "categorically matches" the substantive federal child pornography possession statute, 18 U.S.C. § 2252(a)(4)(B), in the context of determining whether the defendant had been convicted of an aggravated felony under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii). *Id.* at 89, 93. However, because *Quito* addressed different statutory text in the INA provision that textually invited a strict comparison of the state offense to the elements of the federal counterpart, Duchesne's arguments respecting the enhancement provisions at issue here are not foreclosed by *Quito* and require a separate analysis.

[3] We do not address the government's contention that certain arguments by Duchesne are raised for the first time on appeal and should be reviewed only for plain error because we find that all of Duchesne's arguments fail even under *de novo* review.

argues that the sentencing enhancements do not apply to his prior state conviction because "(1) the New York offense covers unrecorded live performances, whereas federal law is concerned solely with recorded images; (2) the New York offense covers 'accessing with intent to view' a sexual performance, whereas the sentencing enhancement[s] extend only to possession of child pornography; and (3) [he] was convicted of an attempt offense, whereas the sentencing enhancement[s] do not extend to state inchoate offenses." Appellant's Br. at 5–6. We find each of these arguments unpersuasive and address them in turn.

Under New York law, "possess[ion of] a sexual performance by a child," occurs "when, knowing the character and content thereof, [a person] knowingly has in his possession or control, or knowingly accesses with intent to view, any performance which includes sexual conduct by a child less than sixteen years of age." NYPL § 263.16. For purposes of this statute, "'[s]exual performance' means any performance or part thereof which . . . includes sexual conduct by a child less than sixteen years of age." *Id.* § 263.00(1). In addition, "sexual conduct" under this statute "means actual or simulated sexual intercourse, oral sexual conduct, anal sexual conduct, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals." *Id.* § 263.00(3). Furthermore, the term "performance" for these purposes "means any play, motion picture, photograph or dance" and "any other visual representation exhibited before an audience." *Id.* § 263.00(4). Finally, NYPL § 110.00, which is New York's generic attempt statute, provides that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime."

Based on its plain meaning, NYPL § 263.16 criminalizes possessing or accessing sexual performances involving a victim that is less than sixteen years old, and thus, the conduct

6

categorically relates to "possession[] [or] receipt . . . of child pornography" under 18 U.S.C. § 2252A(b). Duchesne's arguments to the contrary—that NYPL § 263.16 criminalizes broader conduct than the generic offenses described in this clause of the federal enhancement provisions—fail, because the allegedly overbroad conduct matches either the federally identified conduct or falls within the range of predicate conduct "relating to . . . abusive sexual conduct involving a minor." *See Barker*, 723 F.3d at 324.

Duchesne first argues that NYPL § 263.16 criminalizes unrecorded live performances, whereas the federal definition of "child pornography" as the term appears in the enhancement provisions is limited to depictions in recorded media, and as defined in 18 U.S.C. § 2256(5) and (8). That allegedly overbroad criminal conduct, however, still triggers the enhancement provisions as a whole because such conduct is a square categorical match to offenses "relating to . . . abusive sexual conduct involving a minor," 18 U.S.C. § 2252A(b)(1) and (b)(2), which we have broadly defined to mean state offenses relating to the "misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Barker*, 723 F.3d at 324. Therefore, even understanding the New York statute to extend to such conduct as Duchesne contends, viewing an unrecorded live performance of child pornography "relat[es] to" sexually abusive conduct that categorically triggers the sentencing enhancements.

Duchesne next argues that NYPL § 263.16 overbroadly criminalizes any person who "knowingly accesses with intent to view" a child sexual performance, which does not match the generic federal offense for "possession . . . of child pornography" under 18 U.S.C. § 2252A(b). As an initial matter, the government notes that federal law, including the possession of child pornography statute under which Duchesne was prosecuted in this case, prohibits "'knowingly

7

possess[ing], or knowingly access[ing] with intent to view' any 'material that contains an image of child pornography.'" Appellee's Br. at 32 (quoting 18 U.S.C. § 2252A(a)(5)(B)). Moreover, Duchesne arguably abandoned this argument by insisting that the conduct referenced by the state statute is not online livestreaming of child pornography, as the government construed that argument, but only "[i]n contrast to federal law, . . . explicit conduct that can only be seen *live and in person* and is not transmitted or disseminated on or through any visual depiction or medium." Appellant's Reply Br. at 4 (emphasis added). This argument accordingly fails for the same reason already explained above. In any event, this argument independently fails to demonstrate overbreadth because we have previously construed the terms "possession" and "receipt" of child pornography, as they appear in related substantive federal offenses, to encompass the kind of fleeting possession involved in livestreaming of such content. *See United States v. Ramos*, 685 F.3d 120, 131 (2d Cir. 2012) (construing "possession" and "receipt" of child pornography to encompass cache files temporarily stored on a computer).

Finally, Duchesne argues that the sentencing enhancements under Section 2252A(b) do not extend to inchoate offenses under state law, such as an attempt. We disagree. An attempt to commit a crime involving child pornography "stands in some relation to, bears upon, or is associated with" a completed offense involving the same conduct and, thus, triggers the enhanced penalties under Section 2252A(b). *Cf. Ragonese*, 47 F.4th at 111 (holding that *attempted* first-degree deviate sexual intercourse with a child less than eleven years old "relates to the sexual abuse of a minor").[4]

---

[4] Several sister circuits have similarly held that an attempt offense can trigger the enhanced penalties

In sum, because NYPL § 263.16 categorically relates to "abusive sexual conduct involving a minor . . . or . . . possession[] [or] receipt . . . of child pornography" under 18 U.S.C. § 2252A(b), the district court correctly held that the sentencing enhancements under Section 2252A(b) applied to Duchesne's convictions for transportation and possession of child pornography.

\* \* \*

We have carefully considered Duchesne's remaining arguments and find them to be without merit.   Accordingly, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

under Section 2252A(b) and Section 2252(b).   *See, e.g.*, *United States v. Nelson*, 985 F.3d 534, 535–36 (6th Cir. 2021); *United States v. Wiles*, 642 F.3d 1198, 1201 (9th Cir. 2011); *United States v. Stults*, 575 F.3d 834, 846 (8th Cir. 2009); *United States v. Hubbard*, 480 F.3d 341, 347 (5th Cir. 2007).