**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4306**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

GUSTAVO   ALBERTO   HENRIQUEZ-RIVAS,   a/k/a   Gustavo   Alberto
Rivas-Henriquez,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  George L. Russell, III, District Judge.
(1:13-cr-00483-GLR-1)

Submitted: October 28, 2014          Decided: November 4, 2014

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

James  Wyda,  Federal  Public  Defender,  Julie  L.B.  Johnson,
Appellate Attorney, Perie Reiko Koyama, Law Clerk, Greenbelt,
Maryland,  for  Appellant.   Rod  J.  Rosenstein,  United  States
Attorney,  Zachary A. Myers,  Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gustavo Alberto Henriquez-Rivas appeals his fourteen-month sentence imposed following his guilty plea to unauthorized reentry of a removed alien after a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). On appeal, he argues that the district court imposed a procedurally unreasonable sentence by failing to address his argument that the time he had already spent in immigration custody supported a sentence at the low end of the Guidelines. Finding no error, we affirm.[1]

Following United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2012] factors, selecting a sentence based

---

[1] Although Henriquez-Rivas was released from custody on September 26, 2014, the appeal is not moot because it is conceivable that "a favorable appellate decision might prompt the district court to reduce [his] three-year term of supervised release." See United States v. Kleiner, 765 F.3d 155, 156 n.1 (2d Cir. 2014).

on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, this court reviews unpreserved non-structural sentencing errors for plain error. Id. at 576-77. Because Henriquez-Rivas repeats on appeal arguments he raised in the district court, we review for abuse of discretion.

Upon review, we discern no procedural error in Henriquez-Rivas' fourteen-month sentence. A district court need not provide a "comprehensive, detailed opinion" as long as it has satisfied the appellate court that it "has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United

3

<u>States</u>, 551 U.S. 338, 356 (2007)) (internal quotation marks and alterations omitted).

Here, the district court allowed the parties to file multiple memoranda and/or letters in support of their sentencing positions and further considered their arguments at sentencing. Notably, Henriquez-Rivas thoroughly presented his argument that the time he had already spent in immigration custody supported a sentence at the low end of the Guidelines, both in writing and before the district court at sentencing. The district court listened to the parties' positions, acknowledged the "thorough sentencing memoranda," and stated that the court "kn[e]w exactly what the arguments" were in the case. (J.A. 47).

The district court proceeded to explicitly invoke the 18 U.S.C. § 3553(a) factors, rooting its chosen sentence in the seriousness of Henriquez-Rivas' offense, the need for deterrence in light of his repeated illegal reentries, and the need to protect the public from his violent behavior. Although the district court "might have said more" to explain its rejection of the argument raised by Henriquez-Rivas, <u>see</u> <u>Rita</u>, 551 U.S. at 359, its explanation was "elaborate enough to allow [us] to effectively review the reasonableness of the sentence." <u>United</u>

4

States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks omitted).[2]

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] Henriquez-Rivas does not challenge the substantive reasonableness of his sentence on appeal.