14-3942
*United States v. Rendsland*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 5th day of May, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
               ROSEMARY S. POOLER,
               DENNY CHIN,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                     v.                                                    No. 14-3942

JOHN RENDSLAND,

                    *Defendant-Appellant*.

_____

For Appellee:                    Stephan J. Baczynski and Monica J. Richards, Assistant United
                                        States Attorneys, *for* William J. Hochul, Jr., United States
                                        Attorney for the Western District of New York, Buffalo, New
                                        York.

For Defendant-Appellant:    Steven G. Slawinski, Assistant Federal Public Defender,
                                        Western District of New York, Rochester, New York.

For *Amicus Curiae*:                 Barry D. Leiwant and Edward S. Zas, Federal Defenders of New York, Inc., New York, New York.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the sentence imposed by the district court is **VACATED** and the case **REMANDED** for resentencing.

John Rendsland appeals the sentence imposed by a June 30, 2014 judgment of conviction (Larimer, *J.*) following his guilty plea to one count of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. §§ 111(a) and 111(b). When calculating the Federal Sentencing Guidelines range, the district court relied on the parties' plea agreement to determine the Guidelines section that was applicable to Rendsland's conviction. Specifically, the plea agreement called for the application of United States Sentencing Commission, Guidelines Manual ("Guidelines" or "USSG") § 2A2.2, which applies where the offense conduct constitutes aggravated assault. Because there is no evidence in the record to support a finding that Rendsland's offense conduct constituted aggravated assault, we conclude that the district court committed plain error in applying § 2A2.2. Accordingly, we vacate the sentence and remand for resentencing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On September 28, 2011, at approximately 5:00 p.m., Rendsland appeared at a United States Secret Service field office at the Rochester Resident Agency in Rochester, New York. He rang the doorbell several times as two Secret Service agents were leaving the facility. One agent spoke to Rendsland through a glass window to see what he wanted and inform him the office

2

was closed. At that point, Rendsland became agitated and began to say something about the government and mind control, and that "they tampered with my gun." Presentence Investigation Report ¶ 12. He then drew a handgun from his right pocket and pointed it at the agent on the other side of the window. The agents took cover and commanded Rendsland to drop his weapon. He refused, though video surveillance showed him removing the magazine from the pistol, placing it in his breast pocket, and holstering his gun. The agents called 911 and, within minutes, officers of the Rochester Police Department arrived. Rendsland refused to cooperate with the officers' commands, and they eventually brought him to the floor using a taser and placed him under arrest.

Rendsland was charged in an October 3, 2011 amended criminal complaint with one count of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. §§ 111(a) and 111(b). He was initially determined to be incompetent to stand trial and was held in custody to obtain mental health treatment. In April 2014, two and a half years after his arrest, a follow-up mental health evaluation determined that he was competent to stand trial so long as he continued his treatment. Shortly thereafter, he and the government negotiated a plea agreement whereby Rendsland waived indictment and entered a plea of guilty to an Information charging him with one count of violating 18 U.S.C §§ 111(a) and 111(b). The parties agreed that the appropriate base offense level was provided by § 2A2.2 of the Guidelines, which concerns aggravated assault. In turn, they agreed that the Guidelines range was 24 to 30 months' imprisonment and 1 to 3 years' supervised release.

Relying on the parties' plea agreement, the district court used Guidelines § 2A2.2 as the basis for calculating the applicable Guidelines range at sentencing. At the recommendation of the Probation Office, the court also imposed a six-point enhancement that was not contemplated by

the plea agreement that applies to an individual sentenced pursuant to § 2A2.2 if the victim was a federal officer or employee and "the offense of conviction was motivated by such status." USSG § 3A1.2 (the "official victim enhancement"); *see* USSG § 2A2.2 cmt. n.4. Taking into account the base offense level in § 2A2.2, the official victim enhancement, other enhancements, and a reduction for acceptance of responsibility, the court calculated a Guidelines range of 46 to 57 months. The court then imposed a sentence of 46 months' imprisonment and three years' supervised release.

As an initial matter, we reject the government's argument that, because Rendsland only challenges his term of imprisonment and has already served his prison sentence, this case is moot and we therefore lack jurisdiction to hear the appeal. We have held under similar circumstances that "the fact that the district court might, because of our ruling, modify the length of [the appellant's] supervised release would constitute 'effectual relief.' A case or controversy thus exists . . . ." *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)); *see also United States v. Kleiner*, 765 F.3d 155, 156 n.1 (2d Cir. 2014). There is nothing in the record before us that indicates that there is no possibility that the district court would reduce Rendsland's term of supervised release in response to our conclusion that it plainly erred in calculating the Guidelines range. Accordingly, Rendsland's appeal is not moot, and we turn to the merits.

On appeal, Rendsland challenges the imposition of the official victim enhancement, arguing that, because of his diminished capacity, he could not have had the requisite mens rea for the enhancement to apply. However, we need not reach that issue because we conclude that the

4

district court committed plain error by applying Guidelines § 2A2.2 when it should have applied § 2A2.4 to calculate the applicable Guidelines range.[1]

To conclude that a court committed plain error, we must find an "(1) error (2) that is plain and (3) affects substantial rights." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007).[2] If these three conditions are met, "we then must consider whether to exercise our discretion to correct [the error], which is appropriate only if the error seriously affected the 'fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Doe*, 297 F.3d 76, 82 (2d Cir. 2002)).

"A district court commits procedural error where it fails to calculate the Guidelines range . . . , [or] makes a mistake in its Guidelines calculation . . . ." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). As relevant here, the base offense level for a conviction under 18 U.S.C. § 111 is provided by Guidelines § 2A2.4, labeled "Obstructing or Impeding Officers," unless the offense conduct constituted aggravated assault, in which case § 2A2.2 shall apply. *See* USSG App. A (Statutory Index); USSG § 2A2.4(c)(1). In this context, "'aggravated assault' means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (*i.e.*, not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." USSG § 2A2.2 cmt. n.1.

A review of the record reveals no evidence to support a finding that Rendsland's conduct satisfied this definition of aggravated assault. The district court did not identify any such evidence, and, indeed, it acknowledged that Guidelines § 2A2.4 may have been appropriate here.

---

[1] Where the base offense level is provided by Guidelines § 2A2.4, the official victim enhancement categorically does not apply. *See* USSG § 2A2.4 cmt. n.2.

[2] This issue was brought to the Court's attention by Federal Defenders of New York, Inc., which the Court appointed as *amicus curiae*. Accordingly, plain error review applies.

However, even though it had an independent duty to calculate the Guidelines range and was not bound by any stipulation of the parties, *see* USSG § 6B1.4(d); *cf. United States v. Payne*, 591 F.3d 46, 70 (2d Cir. 2010), the court deferred to the parties' agreement that § 2A2.2 should provide the basis for calculating the Guidelines range, without making any findings that the offense conduct rose to the level of aggravated assault.

The government's only response is that the district court was "free to rely on any facts at its disposal" in making its decision, including the government's representations, factual allegations in the indictment, and the plea allocution. Suppl. Br. for Appellee United States of America at 4 n.2 (quoting *Irizarry v. United States*, 508 F.2d 960, 967 (2d Cir. 1975)). But the government fails to direct us to any facts that support a finding of aggravated assault, and in our own review of all the facts at the court's disposal, we find no evidence to support the application of Guidelines § 2A2.2.

Because the district court applied Guidelines § 2A2.2 when there was no evidence of aggravated assault, we conclude that the court erred, *cf. United States v. Shumpert Hood*, 210 F.3d 660, 664 (6th Cir. 2000) (finding error in applying USSG § 2A2.2 "[g]iven the absolute paucity of evidence that [the defendant] had an intent to do bodily harm, or commit another felony"), and that the error was plain, *see Villafuerte*, 502 F.3d at 209 ("To be plain, the error must be clear or obvious . . . ."). Furthermore, the error affected Rendsland's substantial rights and the fairness, integrity, and public reputation of the judicial proceedings because a Guidelines calculation pursuant to USSG § 2A2.4 would have resulted in a substantially lower Guidelines range than the one ultimately considered by the district court and, in turn, would likely have resulted in a lower term of imprisonment or supervised release. *See United States v. Wernick*, 691 F.3d 108, 118 (2d Cir. 2012).

6

Accordingly, having found plain error, we **VACATE** the sentence of the district court

and **REMAND** for resentencing.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK