11-2174-cr
United States v. Rood

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2011

(Submitted: April 27, 2012                                    Decided: May 15, 2012)

Docket Nos. 11-2174

──────────────────────────────────────

UNITED STATES OF AMERICA,

*Appellee,*

v.

FLAY ROOD,

*Defendant-Appellant.*

──────────────────────────────────────

Before: CALABRESI, CABRANES, and CHIN, *Circuit Judges.*

Defendant-appellant Flay Rood appeals from the judgment of conviction and sentence entered by the United States District Court for the Northern District of New York (David N. Hurd, *J.*) on May 26, 2011. We hold that the District Court erred when it imposed a mandatory sentence of life imprisonment pursuant to 18 U.S.C. § 3559(e) in the apparent absence of judicial record evidence regarding the age of the victim of his prior state offense. We accordingly REMAND solely for resentencing.

> Lisa A. Peebles (James P. Egan, Research & Writing Attorney, Melissa A. Tuohey, Assistant Federal Public Defender, *on the brief*), Office of the Federal Public Defender, Syracuse, NY, *for* defendant-appellant Flay Rood.
>
> Paul D. Silver, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY, *for* appellee the United States of America

PER CURIAM:

Defendant-appellant Flay Rood appeals from the judgment of conviction and sentence entered by the United States District Court for the Northern District of New York (David N. Hurd, *J.*) on May 26, 2011. We hold that the District Court erred when it imposed a mandatory sentence of life imprisonment pursuant to 18 U.S.C. § 3559(e)[1] in the apparent absence of judicial record evidence regarding the age of the victim of his prior state offense. We accordingly remand solely for resentencing.

This appeal arises from Rood's conviction, after a guilty plea, on three separate counts of producing child pornography, in violation of 18 U.S.C. § 2251(a) (Counts One, Two, and Three); distributing and attempting to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count Four); receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count Five); and attempting to possess, and attempting to access with intent to view, material that contained images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Six).

The indictment to which Rood pleaded guilty included an allegation that he had previously, in 1991, been convicted in Ohio state court of Gross Sexual Imposition, a felony. The indictment alleged that the basis of the 1991 conviction was his alleged sexual abuse of a two-year-old child. Rood moved to dismiss or strike the prior conviction allegation from the indictment. Finding the motion premature and denying it without prejudice, the District Court thereafter accepted a plea of guilty permitting the defendant to reserve the right to challenge on appeal the applicability of 18 U.S.C. § 3559(e), which imposes a mandatory sentence of life imprisonment on repeat sex offenders whose crimes were against children, to his prior conviction. Accordingly, while Rood pleaded guilty to the six substantive counts

---

[1] 18 U.S.C. § 3559(e)(1) provides, in pertinent part, that "[a] person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim." Section 3559(e)(2) defines the term "'Federal sex offense'" to include a "'State sex offense,'" which itself is defined as "an offense under State law that is punishable by more than one year in prison and consists of conduct that would [constitute] a Federal sex offense . . . ." *See id.* §§ 3559(e)(2)(A) and (B).

of the indictment and acknowledged the fact of the 1991 conviction, he did not admit any facts underlying the 1991 offense.

At sentencing, the District Court found that Rood had previously been convicted of a sexual offense involving a two-year-old child and imposed a statutory minimum term of life imprisonment, pursuant to 18 U.S.C. § 3559(e), on each of the first three counts.[2] The Court then imposed sentences of fifteen years imprisonment on Counts Four and Five and ten years imprisonment on Count Six, to be served concurrently with the three life sentences.

On appeal, Rood argues that the District Court erred in determining that his prior Ohio conviction triggered the application of the mandatory life sentence provision of Section 3559(e), for two reasons: (1) the Ohio statute does not have the same *mens rea* requirement as the federal statute; and (2) the Ohio statute proscribes a greater range of conduct than does the relevant federal statute.

DISCUSSION

Pursuant to a federal mandatory sentencing regime for repeat sexual offenders, any individual convicted of a federal sex offense who has previously been convicted of either a federal sexual offense or an equivalent state-law sexual offense is subject to a statutory minimum term of life imprisonment. *See* 18 U.S.C. § 3559(e)(1). In order to determine whether a state offense is equivalent to a federal offense, courts must compare the elements of the state offense to the elements of the federal offense. *See id.* § 3559(e)(2)(B). Where the state offense "consists of conduct that would [constitute] a Federal sex offense" if the federal jurisdictional requirement were satisfied, the state conviction is sufficient to trigger the mandatory sentence. *Id.*

Rood argues that the District Court erroneously determined that the Ohio crime of Gross

---

[2] For the text of 18 U.S.C. § 3559(e), see note 1, *supra.* Had Rood not previously been convicted of a sexual offense, the maximum sentences on Counts One through Three would have been either 25 or 50 years imprisonment. *See* 18 U.S.C. § 2251(e) ("Any individual who violates . . . this section shall be . . . imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward, . . . such person shall be . . . imprisoned for not less than 25 years nor more than 50 years.").

3

Sexual Imposition was a state sex offense within the meaning of the federal mandatory sentencing regime. We agree that the District Court erred in the circumstances of this case.

A.  *Comparing the Federal and State Statutes*

The District Court was required at sentencing to determine whether the Ohio state crime of Gross Sexual Imposition should be deemed a "[s]tate sex offense," equivalent to 18 U.S.C. § 2241(c), for the purpose of § 3559(e). The two statutes are substantially similar,[3] with the exception of the age cutoff: The Ohio statute criminalizes sexual contact with individuals under the age of thirteen,[4] while the federal statute criminalizes such contact with individuals under the age of twelve.[5] There is, therefore, a category of Ohio sexual offense that would not constitute a federal offense (*i.e.*, sexual contact with an individual precisely twelve years of age). Accordingly, the District Court could not have determined from the statutory language alone whether the offenses were equivalent.

i.  *The Modified Categorical Approach*

Because the congruency of the Ohio and federal statutes could not be determined from their text alone, the District Court was required to analyze whether the *facts* underlying the state conviction satisfied the elements of the federal statute. *See United States v. Walker*, 595 F.3d 441, 443–44 (2d Cir. 2010). Such a determination is made using the so-called modified categorical approach laid out in *Shepard v. United States*, *see Walker*, 595 F.3d at 443–44, which permits courts to evaluate whether the factual elements of the analogous federal crime were "necessarily" proven at the time of the defendant's

---

[3] Rood also alleges that the federal and state statutes differ in the *mens rea* required to commit the crime, and in the range of conduct they criminalize. In light of our decision below, we do not consider, much less decide these claims.

[4] The crime to which Rood pleaded guilty in 1991 was a violation of Ohio Rev. Code Ann. § 2907.05, which provides, in pertinent part, that "(A) [n]o person shall have sexual contact with another, not the spouse of the offender . . . when . . . (4) [t]he other person . . . is less than thirteen years of age . . . ."

[5] 18 U.S.C. § 2241(c) provides, in pertinent part, that "[w]hoever . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . , or attempts to do so, shall be . . . imprisoned for not less than 30 years or for life."

conviction on the state charges.[6] *Shepard*, 544 U.S. 13, 16, 26 (2005); *see United States v. Savage*, 542 F.3d 959, 966 (2d Cir. 2008).

As a plurality of the *Shepard* Court acknowledged, permitting a federal court to find facts that would increase a statutory sentencing range poses an obvious problem under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Shepard*, 544 U.S. at 26 (plurality op.); *see Apprendi*, 530 U.S. at 490 (holding that the Sixth Amendment prohibits, *inter alia*, imposing a statutory minimum penalty based on facts not admitted or found by a jury); *United States v. Gonzalez*, 420 F.3d 111, 129 (2d Cir. 2005) ("The *Apprendi* rule applies to the resolution of *any* fact that would substitute an increased sentencing range for the one otherwise applicable to the case." (emphasis added)). Even though the existence of a prior conviction may be conclusively determined by a judge, the facts underlying that conviction remain subject to the *Apprendi* rule. *Shepard*, 544 U.S. at 26. Accordingly, where, as here, the prior conviction followed a plea of guilty, courts may rely only on facts "necessarily admitted" by the defendant in the course of the prior criminal proceeding. *Shepard*, 544 U.S. at 16.

Under the modified categorical approach, facts "necessarily admitted" may, of course, be drawn from the statutory language of the crime to which the defendant pleaded guilty. *Id.*; *see Taylor v. United States*, 495 U.S. 575, 599 (1990). Beyond the text of the statute itself, however, the Supreme Court in *Shepard* held that courts may find facts based only upon "adequate judicial record evidence": the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16, 20.[7]

ii.     *The Age of the Ohio Victim*

In this case, of the documents purporting to be "judicial record evidence" of the 1991

---

[6] Both parties have agreed—the Government as a general matter, and Rood as an alternative argument—that application of the modified categorical approach to this case is appropriate.

[7] Other documents, including police reports, criminal complaints, bills of particulars, and Pre-Sentence Reports ("PSRs"), are not judicial records and may not be used to find facts about the prior conviction. *See Shepard*, 544 U.S. at 16 (police reports and criminal complaints); *United States v. Rosa*, 507 F.3d 142, 154–57 (2d Cir. 2007) (bills of particulars, federal PSRs—even where the defendant does not object to the PSR's findings—and state PSRs).

conviction, the District Court had before it a "Municipal Court Statement" (the "Statement"), which specified the age of the victim,[8] and the Bill of Information, the document to which Rood actually pleaded guilty, which did not.[9] The Court also had before it an affidavit from an employee of the prosecutor's office of Clark County, Ohio, which describes the Statement as a "charging instrument filed with the court." The Statement, alleges the affidavit, "forms the factual basis for the criminal prosecution of the defendant, and any ensuing conviction." Finally, the affidavit alleges that the Municipal Court Statement "*formed the factual basis* for the Bill of Information and resulting guilty plea."

The affidavit and the Statement together were insufficient to permit the District Court to find as a fact the age of the 1991 victim. The affidavit is ambiguous as to whether Rood pleaded guilty only to the Bill of Information, or whether he necessarily admitted the facts recited in the Statement as well. If, as may be the case, the Bill of Information was merely *based upon* the Statement, the Statement is analogous to a criminal complaint or a police report and is insufficient to permit the Court to find the victim's age as a fact.[10] *See Shepard*, 544 U.S. at 16 (holding that a sentencing court may not look to police reports or complaint applications to determine whether an earlier guilty plea "necessarily admitted" particular facts). Without a transcript of the 1991 plea proceeding or other evidence as to the role of the Statement in Rood's 1991 plea, we are unable to determine whether the Statement was properly considered by the District Court.[11]

---

[8] The Municipal Court Statement reads as follows: "Charged the defendant after he did admit that he had taken down the pants and under ware [sic] of [redacted] 2 yrs. old), he then rubbed [redacted] penis while he had his own penis in his hand. This occured [sic] in a parked vehicle in front of his home at [redacted]." The Statement lists as "Complainant" a "Robert C. Davidson, Spfld. City P.D."

[9] The Bill of Information alleged that Rood had violated Ohio Revised Code Section 2907.05 "in that he did have sexual contact with another, not his spouse, and that the other person involved being [sic] less than thirteen years of age[.]"

[10] Our view on the nature of the Statement might be different if it were incorporated by reference in the Bill of Information, or if there were some other contemporaneous indication that Rood pleaded guilty to the Statement rather than only the Bill of Information.

[11] The Court also had before it a number of other documents, including police reports and a criminal complaint. It is evident from the record that the Court, and the United States Probation Office, drew most of the factual background of the 1991 case from the police reports and the criminal complaint—sources whose use is barred by *Shepard*. *See Shepard*, 544 U.S. at 16.

Having reviewed the record before the District Court, we hold that the Court could not have found the necessary fact—the age of the 1991 victim—based on the judicial documents available to it at sentencing. Accordingly, Rood is entitled to a *de novo* sentencing proceeding, in which the District Court will reevaluate the applicability of Section 3559(e) to his sentence without reliance on the Municipal Court Statement.[12] *See United States v. Green*, 480 F.3d 627, 635 (2d Cir. 2007) (remanding for resentencing where document on which sentencing enhancement was based was not conclusively identifiable as a judicial record).

B.       *Other Arguments*

We have considered the remainder of Rood's arguments on appeal and have determined that they are meritless.

CONCLUSION

For the reasons stated above, we REMAND the cause for resentencing. On remand, the District Court shall determine whether Rood necessarily admitted the age of the 1991 victim during the 1991 criminal proceeding. The Government shall have the opportunity to present to the District Court any appropriate evidence regarding the defendant's 1991 conviction that may have become available after the 2011 federal sentencing proceeding.

In the interest of judicial economy, any future proceedings on appeal will be assigned to this panel.

---

[12] The District Court may, of course, rely upon the Statement if—and only if—the Government presents the type of evidence contemplated by *Shepard*, *see* note 7 and surrounding text, *ante*, in order to dispel any ambiguity as to whether Rood necessarily pleaded guilty to the facts alleged in the Statement.